

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINDOKUHLE MNYANDU EL,    ) | |
|                                                       ) | |
| Plaintiff,                      ) | |
|                                                       ) | |
| v.                                                 ) | Civil Action No.   20-2507 (UNA) |
|                                                       ) | |
| MARAMELA CYRIL RAMAPHOSA *et al.*,) | |
|                                                       ) | |
| Defendants.                ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972).  Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch,* 656 F. Supp. 237,239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a).  This standard aims to give fair notice to each defendant of the claims being asserted sufficiently to prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  It also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff resides in Federal Way, Washington.  He has sued by name and "doing business as" the President of the Republic of South Africa, the Bishop of the Anglican Church of England, the Chief Justice of the Constitutional Court of South Africa, the Mayor of Ethekwini Municipality, and each defendant's "heirs and assigns."  Compl. Caption.  Plaintiff seeks "$45,000,000,000 in lawful money (gold and silver)."  Compl. at 4.

The complaint and the exhibit purportedly setting forth the claims, ECF No. 1-2 (styled "writ in the nature of genocide") contain no coherent statement of facts.  Nor is the basis of federal court jurisdiction clear.  *See* Compl. ¶ II (indicating both federal question and diversity jurisdiction); *cf. Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 117–18 (2013) (the Alien Tort Statute, 28 U.S.C. § 1350, "provides jurisdiction over the offense of genocide 'regardless of where the offense is committed' if the alleged offender is, among other things, 'present in the United States'") (quoting 18 U.S.C. § 1091(e) (2006 ed., Supp. V) (emphasis added)); *Flanagan v. Islamic Republic of Iran*, 190 F. Supp. 3d 138, 146 (D.D.C. 2016) (The Foreign Sovereign Immunities Act "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country[,]" and it "starts with a general presumption of immunity for foreign states.") (surveying cases) (internal quotation marks omitted)).  As for the federal criminal statutes plaintiff mentions, *see* Compl. at 3,  it is established that 18 U.S.C. § 241 and § 242 authorize "no private right of action," *Crosby v. Catret*, 308 Fed. App'x 453 (D.C. Cir. 2009) (per curiam).  Moreover,  "[t]he Supreme Court has 'rarely implied a private right of action under a [bare] criminal statute[.]'" *Lee v. United States Agency for Int'l Dev.*, 859 F.3d 74, 77 (D.C. Cir. 2017) (quoting *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979); *Cort v. Ash*, 422

U.S. 66, 79 (1975)).  Therefore, this case will be dismissed.  A separate order accompanies this Memorandum Opinion.

                                                      _____/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date:  September 28, 2020